# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1379 | **DATE** | 3/30/2012 |
| **CASE TITLE** | Temtex Industries, Inc. vs. TPS Associates, LLC et al. | | |

**DOCKET ENTRY TEXT**

TPS is ordered to submit to this court by April 20, 2012 a statement setting forth with particularity the basis, under the Federal Rules of Civil Procedure, for TPS's counterclaim against Temtex and its third-party claims against Gary and Harold Rotman, Nutrano, Inc. and Milano Concepts, LLC. TPS must also submit a jurisdictional statement setting forth the basis of the court's personal and subject matter jurisdiction over each of the parties and all of TPS's claims in this case. Temtex and the third-party defendants may, if they so choose, submit the same by April 20, 2012. TPS's motion for summary judgment against Harold Rotman [#92] is denied without prejudice until this court determines whether it possesses jurisdiction over the claims and parties in this case.

■[ For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

    In considering TPS's motion for summary judgment (#92), the court became aware that the third parties in this case may have been improperly joined and that the court may lack jurisdiction to adjudicate the claims in this case. The court is confident that it has subject matter jurisdiction over the original action under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 and the parties' citizenship is diverse; Temtex alleges that it is a Canadian corporation and that TPS is a limited liability company whose sole member is a citizen of Illinois. (TPS does not dispute the citizenship of the parties.) TPS's counterclaim (#14), however, fails to allege that it meets the requirements of Federal Rule of Civil Procedure 13, nor does it contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a). The same is true for TPS's third-party complaints against third-party defendants Gary and Harold Rotman, Nutrano, Inc. ("Nutrano") (#43), and Milano Concepts, LLC ("Milano") (#89). TPS's third-party complaints also fail to set forth how TPS proposes to join or implead the third-party defendants in this case.

    Under Federal Rule of Civil Procedure 14(a), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who *is or may be liable to it for all or part of the claim against it.*" Fed. R. Civ. P. 14(a) (emphasis added). TPS has failed to show that Rule 14 applies to the parties named in its third-party complaints. It was Temtex, not TPS, that initiated the present lawsuit. Temtex filed a

**STATEMENT**

complaint against TPS alleging that TPS withheld money owed to it under agreements that pertained to products Temtex delivered to QVC and Big Lots. Temtex's claims did not pertain to the consulting and sales consulting agreements at issue in TPS's counterclaim. (*See* #1 ¶ 8.) Thus, it is unclear whether TPS's counterclaim meets the requirements of Rule 13, and moreover, any third-party liability based on the consulting and sales consulting agreements flows from TPS's counterclaim, not Temtex's original complaint.

Under these circumstances, TPS may not implead the Rotman, Nutrano and Milano defendants under Rule 14. *See, e.g., Transvision Tech. Holding, Inc.* v. *Knight*, No. 104CV2086LJMTAB, 2005 WL 237385, at *2 (S.D. Ind. Sept. 26, 2005) ("The Seventh Circuit has held that the claim that the third-party defendant would be secondarily liable to the third-party plaintiff is 'a plain condition on the face of Rule 14. The rule is not altered merely by the fact that the alleged third-party claim grew out of the same transaction.'") (quoting *U.S. Gen., Inc.* v. *Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979)); *Am. Acad. of Disability Evaluating Physicians Ass'n* v. *Am. Disability Evaluation Research Inst.*, No. 90 C 6038, 1991 WL 65533, at *4 (N.D. Ill. Apr. 19, 1991) (dismissing third-party complaint where "[t]he third-party defendants' liability is unrelated to third-party plaintiffs' liability to [plaintiff]"); *Greene Line Mfg. Corp.* v. *Fibreboard Corp.*, 130 F.R.D. 397, 399 (N.D. Ind. 1990) (stating that for Rule 14(a) to apply, "[t]he third-party defendant must be secondarily liable to the third-party plaintiff in the event the third-party plaintiff is found to be liable to the plaintiff").

It is possible, however, that Rules 13 and 20 may allow TPS to join the Rotman, Nutrano and Milano defendants as third-party defendants to its counterclaim. Rule 13(h) states that Rules 19 and 20 govern the addition of a person as a party to a counterclaim. Fed. R. Civ. P. 13(h). Rule 20(a)(2), which pertains to the permissive joinder of parties, states that

Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)–(B). Courts have employed Rule 20(a)(2) to allow a defendant/counter-plaintiff to join a non-party defendant to a counterclaim where the requirements of subsections (A) and (B) have been met. *See, e.g. JP Enterprises, LLC* v. *Fifth Third Bank*, --- F. Supp. 2d ----, 2011 WL 5557414, at *7 (N.D. Ill. Nov. 15, 2011); *see also Hartford Steam Boiler Inspection & Ins. Co.* v. *Quantum Chem. Corp.*, No. 91 C 6907, 1994 WL 494776, at *6 (N.D. Ill. Sept. 8, 1994). None of TPS's court filings consider if or how the Federal Rules of Civil Procedure apply to the third-party defendants in this case, and TPS has repeatedly failed to comply with requirements of Federal Rule of Civil Procedure 8(a).

As such, TPS is ordered to submit to this court by April 20, 2012 a statement setting forth with particularity the basis, under the Federal Rules of Civil Procedure, for TPS's counterclaim against Temtex and its third-party claims against Gary and Harold Rotman, Nutrano, and Milano. TPS must also submit a jurisdictional statement setting forth the basis of the court's personal and subject matter jurisdiction over each of the parties and all of TPS's claims in this case. Temtex and the third-party defendants may, if they so choose, submit the same by April 20, 2012. TPS's motion for summary judgment against Harold Rotman (#92) is denied without prejudice until this court determines whether it possesses jurisdiction over the claims and parties in this case.