Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1379 | **DATE** | 6/4/2012 |
| **CASE TITLE** | Temtex Industries, Inc. vs. TPS Associates, LLC | | |

**DOCKET ENTRY TEXT**

Milano Concepts, LLC's Rule 60(b) motion to set aside default and judgment and to dismiss the complaint for lack of jurisdiction [#118] is granted. The court's August 30, 2011 order of default against Milano Concepts, LLC [#110] and December 13, 2011 judgment against Milano Concepts, LLC [#115] are vacated. TPS Associates, LLC's third party complaint against Milano Concepts, LLC [#89] is dismissed with prejudice for lack of jurisdiction. TPS Associates, LLC is granted leave to file an amended counterclaim joining Harold Rotman and Nutrano by June 11, 2012. Status hearing set for July 19, 2012 at 8:30 a.m. See the statement section of this order for details.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

This ruling follows from the court's March 30, 2012 order in which it required TPS to demonstrate that third parties have been properly impleaded and that the court has jurisdiction to adjudicate the claims asserted against them by TPS Associates, LLC (TPS). To understand the jurisdictional quagmire currently before the court, a review of the procedural history is necessary.

**Procedural Background**

On March 4, 2009, Temtex Industries, Inc. (Temtex) filed an eight count complaint against TPS alleging various contract and tort claims related to two former Temtex accounts, QVC and Big Lots. Temtex claimed to have entered into two agreements with TPS whereby Temtex agreed to ship products directly to QVC and Big Lots on behalf of TPS, and TPS agreed to pay Temtex for the products on behalf of QVC and Big Lots. (Temtex Compl. ¶¶ 18, 32.) The terms of these agreements were memorialized in written documents, including emails, invoices and purchase orders, and covered shipments made in 2007. (*Id.* ¶¶ 20, 33.) According to Temtex, TPS never paid for the products shipped to QVC and Big Lots as agreed. (*Id.* ¶¶ 25, 35.)

On April 2, 2009, TPS filed an answer denying Temtex's allegations (Dkt. #13) and a counterclaim (Dkt. #14) alleging that Temtex breached the consulting and sales consulting agreements previously entered into between the two parties in 2005 by failing to pay TPS for its services as required under those agreements. TPS did not indicate whether its counterclaim was compulsory or permissive under Rule 13(a) or (b). On December 3, 2009, TPS filed a third party complaint against Gary Rotman, Temtex's president and principal shareholder, Harold Rotman, Gary's father and a Temtex officer, and Nutrano, Inc. (Nutrano), a corporation allegedly organized by Gary. (Dkt. #43.) TPS claimed that Gary owed it money under two promissory notes executed by Gary in favor of TPS in July 2006 and January 2007, and that Harold owed

## STATEMENT

TPS money as Temtex's guarantor under a guaranty executed by Harold in March 2007. (Dkt. #43 Exs. 4–6.) TPS also claimed that Gary and Nutrano were diverting sales of TPS-developed products from Temtex to Nutrano in violation of the consulting and sales consulting agreements. (Dkt. #43 ¶¶ 15–17.)

Discovery ensued, Gary failed to appear as directed, and Temtex abandoned its claims. The court dismissed Temtex's complaint with prejudice (Dkt. #63), struck Temtex's answer to TPS's counterclaim, and entered judgment against Temtex in the amount of $472,286.80, which was the relief requested by TPS in its counterclaim plus interest. (Dkt. #88.) The court also entered a default judgment against Gary in the amount of $369,495 plus costs. (Dkt. #77.) TPS then moved for summary judgment against Harold (Dkt. #92). That motion is currently pending. On May 17, 2011, TPS filed another third party complaint, this time against Milano Concepts, LLC (Milano), claiming that because Milano was organized and owned in part by Gary it was bound to honor the consulting and sales consulting agreements entered into between Temtex and TPS. (Dkt. #89.) Milano failed to appear and the court entered default judgment against it in the amount of $472,286.80. (Dkt. #115.) Milano then moved to set aside the default and judgment and to dismiss the complaint for lack of jurisdiction. (Dkt. #118.)

### Basis for the Court's Subject Matter Jurisdiction

The court possess subject matter jurisdiction over Temtex's complaint under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 and the parties are diverse; Temtex is a Canadian corporation and TPS is a limited liability company whose sole member is a citizen of Illinois. (*See* Dkt. #13 ¶¶ 1–3.) TPS filed its counterclaim against Temtex under Rule 13 and the court possesses subject matter jurisdiction over the counterclaim because both parties are diverse. *See* 28 U.S.C § 1332(a); *see also* Charles Alan Wright et al., *Federal Practice and Procedure Civil* § 1422 (3d ed.) ("When it is evident from the beginning of the suit that independent jurisdictional grounds for a counterclaim do exist, the court frequently will not consider whether the counterclaim is compulsory or permissive, but will simply state that it has jurisdiction over the counterclaim.").

### TPS's Third Party Complaint Against Harold, Nutrano and Milano[1]

#### A.    Problems with the Third Party Complaints

In considering TPS's motion for summary judgment against Harold, the court became aware that Harold, Nutrano and Milano may have been improperly impleaded. TPS filed two third party complaints (one against Gary, Harold and Nutrano and one against Milano). Neither complaint set forth the basis of this court's jurisdiction, nor did TPS state why it believed that Harold, Nutrano and Milano were proper third party defendants under Rule 14. This court outlined its concerns with TPS's third party complaints in a March 30, 2012 minute order, noting *inter alia* that Rule 14 allows "[a] defending party . . . , as a third-party plaintiff, [to] serve a summons and complaint on a nonparty who *is or may be liable to it for all or part of the claim against it*." Fed. R. Civ. P. 14(a) (emphasis added). Because Harold, Nutrano and Milano would not be liable to TPS if Temtex succeeded on its claims, this court doubted whether these parties were properly impleaded under Rule 14. (*See* Dkt. #116.)

Upon this court's instruction, TPS filed a jurisdictional statement, wherein it admitted that "it would

| STATEMENT |
|---|

have been better procedurally to have asserted the claims by TPS as claims against additional parties to the Counterclaim pursuant to Rule 13(h)." (Dkt. #122). Rule 13(h) states that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim[.]" Fed. R. Civ. P. 13(h). TPS did explain whether Rule 19 or 20 applied. TPS stated that it could re-file its third party complaints as additional claims against the named defendants and the court could hear the additional claims as part of the counterclaim. (*Id.*) Taking its cue from this court's March 30, 2012 order, Milano filed an appearance on April 16, 2012 and moved to set aside judgment under Rule 60(b)(4) and to dismiss TPS's third party complaint for lack of personal jurisdiction. (Dkt. #120.) On April 24, 2012, this court held a hearing on Milano's motion where it posed a number of specific questions to TPS regarding the nature of its claims and the basis for the court's jurisdiction. (*See* Dkt. #124.) TPS responded to these questions in a three page statement, citing no legal authority in support of its positions. (Dkt. #125.) In its filing, TPS stated that it would rely on Rule 19(a)(1) to join Harold as necessary party to the counterclaim. (*Id.*)

### B.      Complaint Against Harold and Nutrano

A motion for summary judgment against Harold is currently pending before the court. (*See* Dkt. #92.) Harold is not a proper third party defendant under Rule 14 for reasons already discussed. (*See supra* & Dkt. #116.) Under Rule 21, however, on a party's or the court's own motion, the court may at any time, on just terms, join a party to the case. Rule 15(a) governs the amendment of pleadings and states that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a) & 21. Rules 15(a) and 21 are interpreted liberally to allow the amendment of pleadings. *See Videojet Systems Int'l, Inc.* v. *Inkjet, Inc.*, No. 91 C 6284, 1996 WL 543312, at *2 (N.D. Ill. Sept. 23, 1996).

This case was filed in 2009 and a significant amount of time, money and resources have been expended in resolving the claims. Society's interest in avoiding multiple litigations and the judiciary's interest in securing the just, speedy and inexpensive determination of the action are best served by allowing TPS to amend its counterclaim to bring additional claims against the named defendants under Rule 13(h). Thus, the court will grant TPS leave to file an amended counterclaim joining Harold and Nutrano by June 11, 2012. TPS must set forth the basis for the court's jurisdiction and the basis for joinder under Rules 13(h), 19 and/or 20. The court will treat this amended pleading as effective as of December 3, 2009, the date that the third party complaint against Harold and Nutrano was filed. (*See* Dkt. #43.)

### Milano's Rule 60(b)(4) Motion to for Relief from Judgment and Motion to Dismiss the Complaint for Lack of Personal Jurisdiction

Milano argues that the court must vacate its August 20, 2011 order of default and December 13, 2011 order of judgment against it because the court had neither subject matter jurisdiction over the dispute nor personal jurisdiction over Milano at the time it entered it entered the orders. Federal Rule of Civil Procedure 55(c) allows the court to set aside a default judgment under Rule 60(b). Rule 60(b)(4) allows the court "[o]n motion and just terms" to relieve a party from a final judgment, order or proceeding if the judgment is void. "A judgment is void for the purposes of Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *United States* v. *Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995) (internal quotations and citation omitted) *overruled on other grounds by Pioneer Inv. Servs. Co.* v.

| STATEMENT |
| --- |
| *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). "Once a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate Rule 60(b) relief and it is a *per se* abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no jurisdiction over the action." *Philos Tech., Inc.* v. *Philos & D, Inc.*, 645 F.3d 851, 855 (7th Cir. 2011) (internal quotations and citation omitted).<br><br>    TPS fails to cite any legal authority in response to Milano's motion. Instead, it rests on bare assertions that this court possesses subject matter jurisdiction over its claim and personal jurisdiction over Milano. For the reasons already discussed, TPS has not demonstrated that Milano was properly impleaded under Rule 14. Moreover, even assuming that joinder were possible under Rules 19 or 20, TPS has not demonstrated that the court possesses personal jurisdiction over Milano. Instead, TPS simply states that Milano is a Washington state corporation that was served with process pursuant to the applicable laws of Washington. (Dkt. #125.) Service alone, however, is insufficient to subject Milano to personal jurisdiction in this district. *See* Fed. R. Civ. P. 4(k).[2] TPS must demonstrate that Milano is subject to the jurisdiction of a court of general jurisdiction in the state where this court is located, *i.e.* Illinois. *See id.*; 735 Ill. Comp. Stat. 5/2-209. Milano has submitted the declaration of general manager Rahim Muhammadali, who sets forth in detail the reasons why personal jurisdiction is lacking. (*See* Dkt. #119 Ex. A.) TPS has failed to plead or produce facts to support the inference that Milano's "minimum contacts" with this forum are such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice" as required by *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotations and citation omitted). For the foregoing reasons, Milano's Rule 60(b)(4) motion to vacate is granted as to orders #110 and #115 and TPS's third party complaint against Milano is dismissed with prejudice. |

1. The court has already entered judgment against Gary, *see* Dkt. #77, and it may only relieve him from judgment "on motion and just terms." Fed. R. Civ. P. 60(b).

2. Federal Rule of Civil Procedure 4 states:

> (k) Territorial Limits of Effective Service.
>> (1) In General. Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>>> (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
>>> (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
>>> (C) when authorized by a federal statute.

It is unclear from the record whether Milano was served at all because there is no executed service of summons on file. Assuming that Milano's registered agent was served with process within the state of Washington, such service does establish personal jurisdiction over Milano under subsection (B), and service on Milano was not authorized by federal statute as required by subsection (C).